**Law Offices of Anne Donnelly Bush**
43 West 43rd St., Ste. 117
New York, New York 10036
Tel. (914) 239-3601
Fax. (914) 219-3145
Email: adblaw@gmail.com

March 5, 2019

The Honorable Ramon E. Reyes, Jr.
United States Courthouse
225 Cadman Plaza East, Room N208
Courtroom N2E- North Wing, 2nd Floor
Brooklyn, NY 11201

**Re: Ke Lin et al v. Chavin Group, et al**
**Index Number: 17-cv-7197**

Dear Judge Reyes:

Pursuant to the Order of this Court, the parties jointly submit this application for approval of a proposed settlement in the above referenced litigation.

**STATEMENT OF FACTS**

Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL") in connection with Defendants' alleged violation of their statutory obligations to pay Plaintiffs Ke Lin, Erick Juca Chavez, Joanna Maslowska, and John Krajewski their overtime wages and spread of hours pay as non-exempt employees; provide payroll notices and wage statements under the NYLL; timely pay Plaintiffs wages; and pay Plaintiffs social security, Medicare, and FICA contributions. Plaintiff Erick Juca Chavez also brought an action for unlawful discharge in retaliation for complaining about his unpaid wages and unpaid overtime in violation of the FLSA and the NYLL.

Plaintiffs were employed at Chimu Bistro at various times between 2013 and 2017. Plaintiffs contend that they regularly worked over forty (40) hours per week and often worked more than ten (10) hours per day but did not receive regular pay, overtime compensation or spread of hours pay for that time. Plaintiffs alleged that management at Chimu regularly clocked them out two and three hours before the end of their shift, effectively "shorting" Plaintiffs many hours a week.

Defendants dispute the number of hours that Plaintiffs worked and whether they were, in fact, entitled to overtime or spread of hours compensation. Defendants provided records maintained in connection with Plaintiffs hours worked. Plaintiffs alleged that the documents did not accurately reflect Plaintiffs hours of work.

1

Plaintiff's lawyer was retained on 6/21/17. Settlement discussions were conducted, and some discovery exchanged, with Defendants prior attorney, John Weber, Esq. of John Weber & Associates.  The matter was not settled, and Plaintiff's filed a Summons and Complaint on 12/11/17. Mr. Stephen Hans began representing Defendants in approximately February 2018. Defendants filed an Answer on 3/12/18. Plaintiff's filed an Amended Complaint on 9/27/18. Defendants filed an Answer to Plaintiff's Amended Complaint on 10/11/18. Defendants filed an Amended Answer to Plaintiff's Amended Complaint on 11/30/18.

Discovery proceeded apace. An initial conference was held on 7/20/18. A status conference was held on 11/15/18. A settlement conference was held on 1/17/19 before Judge Pollack. Telephone conferences were held on 9/18/18 and 2/20/19.  Parties engaged in constant communication in an effort to resolve this matter without the need for further litigation.

A proposed compromise has been reached in the total sum of One Hundred and Twenty Five Thousand Dollars ($125,000.00), wherein Plaintiffs will be paid the sum of Eighty thousand nine hundred and eight dollars ($80,908.00) in full settlement and discharge of all claims and causes of action against Defendants, allocated as set out in the Settlement Agreement, attached.

| | |
|---|---|
| Ke Lin | $7,614.00 |
| Joanna Maslowska | $36,798.00 |
| John Krajewski | $5,809.00 |
| Erick Juca | $8,672.00 |
| Erick Juca (retaliation) | 22,015.00 |

Expenses on this case amounted to $525.95. Attorneys' fees in the amount of forty three thousand five hundred and sixty file dollars and ninety two cents ($43,565.92) will be allocated from the settlement proceeds.

## DISCUSSION

Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Willix v. Healthfirst, Inc.*, No. 07 CIV. 1143 (ENV) (RER) 2011 WL 754862, at *5 (E.D.N.Y. Feb. 18, 2011).

In the instant litigation, the parties' settlement occurred in a procedurally fair manner. The proposed settlement is the product of negotiation between represented parties following extensive settlement discussions. The parties have reviewed all available information and the parties' respective positions on Plaintiff's exempt status, claimed hours worked, and salary paid. Plaintiff and Defendants hold opposing views on the merit and value of Plaintiff's claims; however, the arm's length bargaining between

2

the represented parties, along with the information shared during settlement negotiations, weighs in favor of finding the settlement reasonable.

The parties submit that they have satisfied each of the factors identified in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), for evaluating the fairness of an FLSA settlement:

### (1)    The Plaintiff's range of possible recovery.

Plaintiff Ke Lin will receive $7614.00. This amount is the equivalent of approximately 504 unpaid regular hours at $7.50 per hour[1] ($3780), plus 232 hours of unpaid overtime compensation (at 1.5 times the New York State minimum wage of $11 per hour in 2016 = $16.50 per hour), plus an additional amount in liquidated damages representing 50% of the alleged overtime underpayments, and notice penalties under the New York Wage Theft Prevention Act ("WTPA").

Plaintiff Joanna Maslowska  will receive $36,798.00. This amount is the equivalent of approximately 3744 unpaid regular hours at $7.50 per hour[2] ($28,080.00), plus 528 hours of unpaid overtime compensation (at 1.5 times the New York State minimum wage of $11 per hour in 2016 = $16.50 per hour), plus an additional amount in liquidated damages representing 50% of the alleged overtime underpayments, and notice penalties under the New York Wage Theft Prevention Act ("WTPA").

Plaintiff John Krajewski will receive $5809. This amount is the equivalent of approximately 576 unpaid regular hours at $7.50 per hour[3] ($4320), plus 90 hours of unpaid overtime compensation (at 1.5 times the New York State minimum wage of $11 per hour in 2016 = $16.50 per hour), plus an additional amount in liquidated damages representing 50% of the alleged overtime underpayments, and notice penalties under the New York Wage Theft Prevention Act ("WTPA").

Plaintiff Erick Juca Chavez  will receive $8672. This amount is the equivalent of approximately 680 unpaid regular hours at $7.50 per hour[4] ($5100), plus 217 hours of unpaid overtime compensation (at 1.5 times the New York State minimum wage of $11 per hour in 2016 = $16.50 per hour), plus an additional amount in liquidated damages

---

[1] December 31st 2015 to December 30th 2016, the minimum wage for hospitality staff was$9 per hour, or $7.50 per hour as cash wage with tips. December 31st 2016 to December 30th 2017, the minimum wage for hospitality staff was$11 per hour, or $7.50 per hour as cash wage with tips.

[2] December 31st 2015 to December 30th 2016, the minimum wage for hospitality staff was$9 per hour, or $7.50 per hour as cash wage with tips. December 31st 2016 to December 30th 2017, the minimum wage for hospitality staff was$11 per hour, or $7.50 per hour as cash wage with tips.

[3] December 31st 2015 to December 30th 2016, the minimum wage for hospitality staff was$9 per hour, or $7.50 per hour as cash wage with tips. December 31st 2016 to December 30th 2017, the minimum wage for hospitality staff was$11 per hour, or $7.50 per hour as cash wage with tips.

[4] December 31st 2015 to December 30th 2016, the minimum wage for hospitality staff was$9 per hour, or $7.50 per hour as cash wage with tips. December 31st 2016 to December 30th 2017, the minimum wage for hospitality staff was$11 per hour, or $7.50 per hour as cash wage with tips.

representing 50% of the alleged overtime underpayments, and notice penalties under the New York Wage Theft Prevention Act ("WTPA"). Erick Juca Chavez will receive an additional $22,015.00 in damages for retaliation.

The amount Plaintiffs would receive under the Agreement is a considerable proportion of the maximum possible recovery they identify in the Complaint. Had the litigation proceeded, one of the key issues in dispute would have been the reliability of Plaintiffs allegations that they were not paid a portion of their wages or overtime. Defendants maintain they have proof Plaintiffs received timely payment of their salary and overtime. Because there is a factual dispute, the parties agree that payment of the stated proportions of Plaintiffs salary and overtime is a reasonable compromise.

**(2)    The extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; and (3) the seriousness of the litigation risks faced by the parties.**
The parties' decision to forgo the burden and expense of trial is reasonable given: the time and costs associated with continued litigation; the risk that Plaintiff would not prevail on all of her claims after a trial; and the fact that Plaintiff will receive the settlement amount upon the Court's approval of the settlement agreement and therefore avoid expending additional efforts attempting to enforce the judgment should she prevail after a trial.

**(3)    Whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.**
The proposed settlement was reached after arm's-length negotiation between experienced counsel, who no doubt informed the parties as to the strengths and weaknesses of their respective positions.

Factors that would typically weigh *against* settlement approval include: "(a) the presence of other employees situated similarly to the claimant; (b) a likelihood that the claimant's circumstance will recur; (c) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (d) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace'." *Wolinsky v. Scholastic Inc*., 900 F. Supp. 2d at 335-36.

None of the factors weighing against settlement approval are present in this case. In particular: (i) the parties represent that no similarly situated employees have been identified as Plaintiff was the only employee working for Defendants; (ii) Defendants explicitly deny any wrongdoing and there is no history of FLSA non-compliance by the Defendants; and (iii) continuing to develop the record will only serve to enlarge costs on both sides and will not serve any useful purpose in light of Defendants' lack of history of non-compliance or any identified industry-wide practice. Additionally, concerns about recurring injuries or coercion are not relevant where, as here, the Plaintiff no longer

4

works for the Defendants. *Lujan v. Cabana Mgmt., Inc.*, No. 10 Civ. 755(ILG), 2011 WL 3235628, at *2 (E.D.N.Y. July 27, 2011).

In summary, we respectfully submit that the Court should find the proposed annexed settlement agreement fair and reasonable.

## ATTORNEYS' FEES

Plaintiffs are entitled to attorneys' fees and reimbursement of costs. Under the Fair Labor Standards Act and the New York Labor Law, the prevailing party is entitled to recover costs and reasonable attorneys' fees. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). In accordance with *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany,* 522 F.3d 182, 190 & n.4 (2d Cir. 2007), the Court must review Plaintiffs' attorneys contemporaneous billing records, resumes, and calculations and consider "1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases;" and the fact that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively."

Plaintiff's counsel Anne Donnelly Bush is a solo practitioner. She took this case on a contingency fee basis, and assumed the risk thereof. Anne Donnelly Bush was admitted to the New York Bar in April 2005; worked as a Managing Attorney from April 2005 to April 2007; and has practiced as a solo attorney specializing in wage and hour and employment discrimination law since April 2007. She was the sole attorney on this case. Anne Donnelly Bush's work is billed at the rate of $325 per hour.[5] Her retainer in this case states that her recovery is 35% or $325 per hour, whichever is higher (or less, by mutual agreement with her client). Dan Bush, paralegal, is billed out at $75 per hour, the prevailing rate in the E.D.N.Y.

Under the settlement agreement, Plaintiff's counsel will receive attorney costs of $525.95[6], and attorney fees of $43,565.92, which is 35% of the remaining recovery in this litigation. A contingency fee retainer of 35% is significantly lower than the 40% many firms recover in similar cases of litigation. In addition, there were four Plaintiffs in this action, all with different salary and overtime losses, which added considerably to the hours of work done by Plaintiff's attorney, particularly as part of the discovery process. In addition, Plaintiff's attorney worked hard to settle this case. Further, the settlement is to be paid in  seven installments – an initial lump sum with the balance over six months, which Plaintiff's attorney will have to administer to Plaintiffs.

---

[5] Plaintiff's counsel's retainer will provided if requested by the Court
[6] Plaintiff's counsel's expenses will provided if requested by the Court

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable, and the retainer of 35% is very slightly above the range of fees typically awarded in cases in this Circuit. See *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); see also *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").

Given Plaintiff's counsel Anne Donnelly Bush's experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent and on-going negotiations. "'[T]he most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff," *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (quoting Farrar v. Hobby, 506 U.S. 103,114 (1992)). Here, Plaintiff's counsel was able to obtain a satisfactory settlement prior to trial.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

## CONCLUSION

Based upon all of the foregoing, the Parties jointly and respectfully request that the Court approve the Settlement Agreement and award of attorneys' fees.

Respectfully submitted,

BY: Anne Donnelly Bush
Law Offices of Anne Donnelly Bush
*Attorney for the Plaintiff(s)*
43 West 43rd St., Ste. 117
New York, New York 10036
Tel. (914) 239-3601
Email: adblaw@gmail.com

BY: Stephen D. Hans, Esq.
*Attorney for the Defendant(s)*
Stephen D. Hans & Associates, P.C.
45-18 Court Square, Suite 403
Long Island City, New York 11101
Tel. 718 275 6700
Email: shans@hansassociates.com